United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60279
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GHAFOUR BILLY ASEMANI,

Defendant-Appellant.

--------------------

Appeal from the United States District Court
for the Southern District of Mississippi
USDC Nos. 3:02-CV-279-LN
3:99-CR-121-ALL-LN
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ghafour Billy Asemani, federal prisoner #44700-83, seeks a
certificate of appealability (COA) to appeal the denial of his 28
U.S.C. § 2255 motion in which he challenged his guilty-plea
conviction for health care fraud, mail fraud, and making false
statements.  The district court dismissed Asemani's 28 U.S.C.
§ 2255 motion finding that Asemani, as part of the memorandum of

_____

[*]   Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

understanding, waived his right to collaterally challenge his conviction and sentence.

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court rejects constitutional claims on procedural grounds, the prisoner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Asemani contends that his appeal waiver does not preclude consideration of his 28 U.S.C. § 2255 motion. He first argues that his plea was rendered involuntary by the Government's promise during plea negotiations that the forfeiture funds would be applied to the restitution order. In support of his argument, he points, as he did in the district court, to a letter from defense counsel stating that the Government agreed that restitution would be the amount set by the court less any money from the sale of his home. Asemani contends that had the promise not been made, he would not have pleaded guilty and that the failure of the Government to fulfill this promise amounted to breach of the plea bargain.

Asemani argues next that he was assured by his counsel that restitution would be offset by the forfeiture funds. He also

contends that counsel was ineffective in failing to advise the district court of the letter during the plea hearing. Asemani argues that these acts and omissions rendered his guilty plea involuntary.

Asemani has shown that jurists of reason would find it debatable whether the district court was correct in finding that the appeal-waiver provision precluded review of his 28 U.S.C. § 2255 motion. Asemani has also alleged several facially valid constitutional claims. <u>Slack</u>, 529 U.S. at 484. Accordingly, we GRANT COA, VACATE the judgment of the district court, and REMAND the case to the district court for further proceedings.

COA GRANTED; JUDGMENT VACATED AND CASE REMANDED.